UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URIAN R. STURGIS, SR. and
JENNIFER STEPHENS, individually and
on behalf of their minor child, YAHRAEL STURGIS,

    Plaintiffs,

v.                                                                         Case No. 07-11301

VIVIAN HURST, individually and                  HON. AVERN COHN
in her official capacity as Representative
of the Department of Human Services,
DAVID WOLOCK, individually and in his
official capacity, KIANA BOGAN, individually and
in her official capacity as Case Manager of
St. Francis Catholic Social Services,

    Defendants.

_____/

## ORDER GRANTING DEFENDANT DAVID WOLOCK'S
## MOTION FOR SUMMARY JUDGMENT[1]

    Plaintiffs Jennifer Stephens and Urian R. Sturgis, proceeding <u>pro se</u>, filed this action on behalf of themselves and their minor child, Yahrael Sturgis. They name Vivian Hurst, David Wolock and Kiana Bogan as defendants. Before the Court is defendant David Wolock's motion for summary judgment to which plaintiffs have responded. For the reasons that follow, the motion is GRANTED.

II.

    The material facts as gleaned from the parties papers follow.

    Wolock was appointed by the Wayne County Circuit Court, Juvenile Division, as

---

[1]Upon review of the parties' papers, the Court finds that oral argument is not necessary. <u>See</u> E.D. Mich. LR 7.1(e)(2).

guardian ad litem for plaintiff's minor children, including Yahrael, with regard to a petition to terminate plaintiff's parental rights.  In the course of the proceedings, Wolock became aware that Urian Sturgis authored a book entitled <u>Why are Americans so Afraid?: Is it too Late for Americans to Save America?</u> under the pseudonym Raymoni Love.  Wolock purchased a copy of the book from the online store Amazon.com and made three copies of excerpts of the book.  Specifically, one excerpted copy was given to the case social worker, one excerpted copy was given to the Assistant Attorney General representing the Michigan Department of Human Services. in the probate court proceedings, and one was for Wolock's use during cross-examination in the juvenile court proceedings.  Wolock copied only portions he deemed relevant to the court proceedings, which included descriptions of Urian Sturgis' history of an abused child and his views on parenting, the Department of Human Resources, the court system, and the role of women in society, and race relations.

Plaintiffs then filed the instant complaint against defendants on March 26, 2007.  As best as can be gleaned, plaintiffs assert several claims for violations of state and federal law regarding the termination of their parental rights relative to Yahrael Sturgis.  The only claim, however, against Wolock is a claim of copyright infringement.  Plaintiffs claim that Wolock violated the copyright laws by (1) making and using unauthorized copies of his book, and (2) sharing copies with others.

The book was published in February 2006 through Authorhouse publishers.  On June 11, 2007, well after the filing of the complaint, Urian Sturgis applied for copyright registration.  To date the book is readily available to purchase over the internet though providers such as E-Bay, Amazon.com, and WalMart.com.

III.  Legal Standard

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).  Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion.  See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50.  Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings.  Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law."  In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994)

(quoting Anderson, 477 U.S. at 251-52). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted. Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

IV. Analysis

A. Plaintiffs' Claim of Unlawful Reproduction and Fair Use

Wolock argues that plaintiffs' claim of unlawful reproduction fails because his actions constitute a "fair use" of the copyrighted work. Section 107 of the Copyright Act provides as follows:

> Notwithstanding the provisions of section 106, the fair use of a copyrighted work ... for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include-
>
> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. The Court will address each factor in turn.

As to the purpose and character of the use, there is no dispute that Wolock use the excerpts were not used for commercial purposes. Rather, Wolock used it for cross-

examination during a judicial proceeding which courts have recognized the fair use doctrine generally allows.  See Images Audio Visual Productions, Inc. v. Perini Bldg. Co., Inc., 91 F. Supp. 2d 1075, 1086 (E.D. Mich. 2000).  Thus, this factor favors Wolock.

As to the nature of the work, it is clearly the product of creative thought and not merely documentary.  This factor favors Wolock.

As to the amount of the work reproduced, Wolock only copied approximately 51 pages of the 244 pages.  This favor also favors Wolock.

As to the market effect, only two other individuals besides Wolock read the excerpts.  Wolock has not provided the excerpts to anyone who would otherwise be a likely customer.  Again, this factor favors Wolock.

Overall, there is no genuine issue of material fact that Wolock's use of excerpts constitutes fair use under the copyright act.  Wolock is entitled to summary judgment on plaintiffs' claim for unlawful reproduction.

B.  Plaintiffs' Claim of Unlawful Distribution and First Sale

Wolock says that plaintiffs' claim of unlawful distribution fails under the first sale doctrine.  The first-sale doctrine, originally developed by the courts, was codified in the Copyright Act, which states, "[n]otwithstanding the provisions of section 106(3),FN5 the owner of a particular copy or phonorecord lawfully made under this title, or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord ..." 17 U.S.C. § 109(a).  The first-sale doctrine allows the owner of a copyrighted work the exclusive right, under § 106(3), to control its distribution, but only in the first sale of each copy, not any subsequent sales.  As the Supreme Court has noted,

> The whole point of the first sale doctrine is that once the copyright owner places a copyrighted item in the stream of commerce by selling it, he has exhausted his exclusive statutory right to control its distribution. As we have recognized, the codification of that doctrine in § 109(a) makes it clear that the doctrine applies only to copies that are "lawfully made under this title"...

Quality King Distribs., Inc. v. L'Anza Research Int'l, Inc., 523 U.S. 135, 152 (1998).

Here, plaintiffs say that they have "exclusive rights to distribution" of the book and that Wolock violated their rights by copying excerpts and giving them to others. However, it is undisputed that plaintiffs put the book into the stream of commerce by publishing it and making it available for sale to the general public. As such, plaintiffs relinquished any right to exclusive distribution. The evidence is clear that Wolock lawfully purchased the book from Amazon.com. At that point, he became an owner of the book and had a right to share it with others. The first-sale doctrine prevents plaintiffs from asserting a claim for copyright infringement based on unlawful distribution. Wolock is entitled to summary judgment.

SO ORDERED.


Dated: December 4, 2007        s/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Urian R. Sturgis, Sr., Jennifer Stephens, 8528 Woodrow Wilson, Apartment 1.S, Detroit, MI 48206 on this date, December 4, 2007, by electronic and/or ordinary mail.

                                s/Julie Owens
                               Case Manager, (313) 234-5160