UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URIAN R. STURGIS, SR. and
JENNIFER STEPHENS, individually and
on behalf of their minor child, YAHRAEL STURGIS,

    Plaintiffs,

v.                                                                                                     Case No. 07-11301

VIVIAN HURST, individually and                      HON. AVERN COHN
in her official capacity as Representative
of the Department of Human Services,
DAVID WOLOCK, individually and in his
official capacity, KIANA BOGAN, individually and
in her official capacity as Case Manager of
St. Francis Catholic Social Services,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY

I.

Plaintiffs Jennifer Stephens and Urian R. Sturgis, proceeding <u>pro se</u>, filed this action on behalf of themselves and their minor child, Yahrael Sturgis. They name Vivian Hurst, David Wolock and Kiana Bogan as defendants. As best as can be gleaned, plaintiffs assert several claims for violations of state and federal law regarding the termination of their parental rights relative to Yahrael Sturgis. The only claim asserted against Wolock was a claim of copyright infringement.[1]

Before the Court is plaintiff's motion to disqualify. For the reasons that follow, the

---

[1] Wolock filed a motion for summary judgment, which the Court granted. See Order filed December 5, 2007. Plaintiffs filed a notice of appeal from that decision.

motion is DENIED.

II.

This is the third case filed by plaintiffs involving the removal of their children and termination of their parental rights. On July 18, 2006, plaintiffs filed their first complaint on behalf of themselves and their minor child, Yahrael Sturgis. They named Sarah Zachman, Jennifer Stevens, Michael Patty, Karen Hayes, Bernice Harris, Richard McKnight and Laura Sheldon as defendants. Sturgis v. Zachman, 06-13243. The Court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2). See Order filed July 28, 2006. Plaintiffs did not appeal.

On August 31, 2006, plaintiffs filed their second complaint. Sturgis v. Hayes, et al, 06-13890. The case was reassigned to this Court as a companion to case no. 06-13243. Thereafter, defendants filed dispositive motions, to which plaintiffs responded. The Court granted defendants' motions and dismissed the case. See Order filed August 16, 2007. Plaintiffs appealed; the appeal is pending in the Court of Appeals for the Sixth Circuit.

On March 26, 2007, plaintiffs filed the instant case, 06-11301, again raising claims regarding child custody. This case was also reassigned to this Court as a companion to case nos. 06-13243 and 06-13890.

III.

Disqualification under either 28 U.S.C. § 455 or § 144 must be predicated "upon extrajudicial conduct rather than on judicial conduct," and upon "a personal bias as distinguished from judicial one, arising out of the judge's background and association and not from the judge's view of the law." Id. at 1303-04 (quotations and citations

omitted). Section 455 provides that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). It is well-settled that adverse rulings during the course of proceedings are not by themselves sufficient to establish bias or prejudice which will disqualify the presiding judge. See Knapp v. Kinsey, 232 F.2d 458, 466 (6th Cir. 1956); see also City of Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir. 1980).

Here, plaintiff has not demonstrated any of the factors requiring disqualification as provided by federal statute. Construed in the most liberal light, plaintiffs argue that the undersigned must be disqualified because the Court dismissed their prior cases. Plaintiffs, however, have not shown that the Court harbors "any personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...." 28 U.S.C. § 455(b)(1). Plaintiffs have not referred to any extrajudicial conduct arising out of this Court's background and associations. Therefore, plaintiffs have not presented a factual basis to support a motion under Section 455 and their motion is without merit.

SO ORDERED.


Dated: January 2, 2008        s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Urian R. Sturgis, Sr., Jennifer Stephens, 3814 Whitney, Detroit, MI 48206 on this date, January 2, 2008, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5160